**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**


**ARDAMAN & ASSOCIATES, INC.,**
   **a Florida corporation,**

              **Plaintiff,**

**v.**

                                    **Case No. 3:08cv144/MCR**

**TRAVELERS CASUALTY AND SURETY**
**COMPANY OF AMERICA, a foreign corporation;**
**FIDELITY & DEPOSIT COMPANY OF MARYLAND,**
   **a foreign corporation;**
**FEDERAL INSURANCE COMPANY, a foreign corporation;**
**LIBERTY MUTUAL INSURANCE COMPANY,**
   **a foreign corporation;**
**THE INSURANCE CORPORATION OF THE**
**STATE OF PENNSYLVANIA, a foreign corporation;**
**SKANSKA USA CIVIL SOUTHEAST, INC.,**
   **f/k/a Tidewater Skanska, Inc., a foreign corporation;**
**FLATIRON CONSTRUCTORS, INC., a foreign corporation;**
**TIDEWATER SKANSKA/FLATIRON CONSTRUCTORS,**
   **a joint venture; and**
**PB AMERICAS, INC.,**
   **f/k/a Parsons Brinckerhoff, Quade & Douglas,**
   **a foreign corporation;**

              **Defendants.**
_____/

## O R D E R

This action alleging breach of a surety bond, breach of contract, and unjust enrichment arises from a dispute involving services plaintiff Ardaman & Associates, Inc. ("Ardaman") performed on the Interstate 10 Escambia Bay Bridge design/build replacement

project ("the project") near Pensacola, Florida.[1]  Defendants Tidewater Skanska/Flatiron Constructors ("TSF"); Skanska USA Civil Southeast, Inc. ("Skanska"); and Flatiron Constructors, Inc. ("Flatiron") (together, "TSFC"), along with Travelers Casualty and Surety Company of America ("Travelers"); Fidelity & Deposit Company of Maryland ("Fidelity"); Federal Insurance Company ("Federal"); Liberty Mutual Insurance Company ("Liberty"); and The Insurance Corporation of the State of Pennsylvania ("ICSP") (together, "the sureties"), have moved to dismiss Counts I through X of the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Additionally,  pursuant to Rules 12(e) and 12(g), TSFC moves for a more definite statement as to Counts XIII and XIV.  In a separate motion defendant PB Americas, Inc. ("PB") moves to dismiss Count XI for failure to state a claim or, alternatively, demands a more definite statement.   In the alternative to either motion, PB moves pursuant to Rule 12(f) to strike Ardaman's claim for attorneys' fees.  For the reasons given below, the court GRANTS in part and DENIES in part TSFC's motion; the court DENIES PB's motion in its entirety.

**Background**

Hurricane Ivan struck Northwest Florida in August 2004, severely damaging the Interstate 10 dual bridges that span Escambia Bay.  According to the allegations of the complaint and information contained in its attachments,[2] the Florida Department of Transportation ("FDOT") hired TSFC as the design/build prime contractor to replace the

---

[1]  Alleging diversity jurisdiction, the defendants removed the instant action to this forum from the Circuit Court in and for Escambia County Florida.  Ardaman has not moved to remand, and the court is satisfied that diversity jurisdiction lies. By order dated July 23, 2008, this court stayed discovery in the case until disposition of the pending motions. In light of the instant ruling, the court will lift the stay and, by separate order, enter an initial scheduling order.

[2]  In addressing the motions to dismiss, the court may—and does here to the extent it finds necessary—consider the exhibits attached to the complaint. See Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006) (stating that on motion to dismiss court must limit its consideration to the pleadings and attached exhibits); Brooks v. Blue Cross & Blue Shield, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (stating that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.").See also Fed.R.Civ.P. 10(c) (stating that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

damaged structures with two new bridges.  In April 2005 Travelers, Fidelity, Federal, Liberty, and ICSP, as sureties, and TSFC, as principal, executed a design/build contract bond.   The bond was not filed in the public records.   TSFC subcontracted with PB to perform design services for the bridge construction project.   In June 2005 PB sub-subcontracted with Ardaman to perform geotechnical engineering and construction inspection services for the project, including pile installation monitoring.  Ardaman alleges that through an oral agreement it made directly with TSFC during the course of the project it also performed professional engineering services, including pile driving analyzer tests.  Ardaman asserts that acts and omissions by TSFC, TSFC's subcontractors, PB, and/or FDOT or its agents during construction of the bridges caused delays in pile installation.  According to Ardaman, these delays forced it to expend substantially more time, effort, and money to perform its contractual obligations and substantially increased the volume of work to be performed on the project.  Ardaman asserts that the services it performed for both PB under the written agreement and for TSFC under the oral agreement were timely and fully completed but that it has not been paid for certain of these services.

In March 2008 Ardaman filed a fourteen-count complaint in state court.[3]  Counts I, III, V, VII, and IX of the complaint are claims for breach of the surety bond against the individual sureties and TSFC pursuant to § 337.18, Fla. Stat., which governs bonds issued in connection with the construction of public transportation projects.  Counts II, IV, VI, VIII, and X are identified as claims against the individual sureties and TSFC for breach of common law bond; these counts are pled on the alternative ground that because the surety bond was not publicly recorded it is a common law bond. Ardaman also asserts claims in the alternative for breach of contract and unjust enrichment against PB in Counts XI and XII, and for breach of oral contract and unjust enrichment against TSFC in Counts XIII and XIV.   As relief, Ardaman seeks damages, as well as interest, costs, and—other than with respect to Counts XII, XIII, and XIV—attorneys' fees.

---

[3]  Among other exhibits attached to the complaint are copies of the written subcontract between PB and Ardaman (Ex. A); the bond executed by TSFC and the sureties (Ex. B); and the Preliminary Notice to Contractor (Ex. C).

**Standards of Review**

A federal court sitting in diversity generally applies federal procedural law and the substantive law of the state in which it sits. *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1306 (11th Cir. 2002) (applying *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).  Accordingly, in its review of Ardaman's complaint the court applies federal procedural law and Florida substantive law.

<u>Motion to Dismiss</u>

In deciding a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court should construe the pleadings broadly, accept the material allegations of the complaint as true, and draw all reasonable inferences in the plaintiff's favor.  *See Sheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds, Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982); *Watts v. Florida Intern. University*, 495 F.3d 1289, 1295 (11th Cir. 2007).  Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a  "short and plain statement of the claim" that shows the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2). To satisfy the pleading requirements of Rule 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Erickson v. Pardus*, ___ U.S. ____, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (*per curiam*).  The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged.  *Swierkiewicz*, 534 U.S. at 511 (quoting *Scheuer*, 416 U.S. at 236); *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003).  "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ____, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  The allegations are sufficient, however, if they "raise a right to relief above the speculative level." *Id.*  In other words, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1964-65. Thus, under the Supreme Court's "most recent formulation of the pleading specificity standard," *Watts*, 495 F.3d at 1295, a complaint must present "'enough factual matter (taken as true)

to suggest' the required element." *Id.* (quoting *Twombly*, 127 S.Ct. at 1965)).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.  There is no "probability requirement at the pleading stage"; rather, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.* at 1965. It is sufficient if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible." *Id.*

<u>Motion for More Definite Statement</u>

The requirements of pleading under the Federal Rules are "liberal," and a litigant need not "allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001); *see also Swierkiewicz*, 534 U.S. at 514.  Nevertheless, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P.12(e).  Even so, "'[m]otions for more definite statement are disfavored in light of the liberal discovery practices.'" *New Lenox Industries, Inc. v. Fenton*, 510 F.Supp.2d 893, 911 (M.D.Fla. 2007) (quoting *Bazal v. Belford Trucking Company*, 442 F.Supp. 1089 (S.D.Fla.1977).  Indeed, "a motion for more definite statement is not to be used as a substitute for discovery." *Eye Care International, Inc. v. Underhill*, 92 F.Supp.2d 1310, 1316 (M.D.Fla. 2000) (citation omitted).

**Discussion**

<u>Counts I, III, V, VII, and IX:  Statutory Claims Against the Sureties and TSFC</u>

TSFC and the sureties move for dismissal of Counts I, III, V, VII, and IX on the ground Ardaman failed to provide them with timely notice of its intent to proceed against the bond, as provided in § 337.18(1)(c), Fla. Stat.[4]  The defendants submit that under this

---

[4]  This section provides:

> (c) A claimant, except a laborer, who is not in privity with the contractor shall, before commencing or not later than 90 days after commencing to

subsection Ardaman was required to given them notice no later than ninety days after it commenced work.  Because the Preliminary Notice to Contractor filed by Ardaman states that Ardaman commenced work February 21, 2005, the notice was due by May 22, 2005. Ardaman did not, however, provide such notice until April 12, 2007, nearly two years later. Ardaman responds that any failure to provide timely notice pursuant to § 337.18(1)(c) should be excused for two reasons: (1) Ardaman was in privity of contract with TSFC and thus was not required by § 337.18(1)(c) to provide notice; and (2) TSFC failed to file the bond at issue in this case in the public records, as required by § 337.18(1)(b).[5]

The parties acknowledge that the authority interpreting § 337.18 is meager; indeed, there appears to be none directly on point with the issues raised in this case.  Ardaman submits that Florida's Construction Lien Law, Chapter 713 of the Florida Statutes, provides guidance in applying § 337.18. Also, the parties apparently agree that the Florida statute that deals with bonds for the construction or repair of public buildings, § 255.05, Fla. Stat., along with the authority interpreting that section, are instructive in interpreting § 337.18. The court agrees with respect to § 255.05 and thus relies on such authority to the extent it finds appropriate.[6]

---

furnish labor, materials, or supplies for the prosecution of the work, furnish the contractor with a notice that he or she intends to look to the bond for protection.

Section 337.18(1)(c), Fla. Stat.

[5]  This section in part provides:

(b) Upon execution of the contract, and prior to beginning any work under the contract, the contractor shall record in the public records of the county where the improvement is located the payment and performance bond required under this section.  A claimant shall have a right of action against the contractor and surety for the amount due him or her . . . .

Section 337.18(1)(b), Fla. Stat.

[6]  As TSFC and the sureties acknowledge, both § 337.18 and § 255.05 govern bonds issued in connection with public works projects, and both statutes contain specific requirements for issuing and recovering against a surety bond.  Additionally, both were enacted with the purpose of protecting the interests of contractors, sureties, subcontractors, and the public. *See American Home Assurance Co. v. Plaza Materials Corp.*, 908 So. 2d 360, 363 (Fla. 2005). The court is therefore persuaded that case law interpreting § 255.05 may be consulted when analyzing the similar, if less often examined, § 337.18. The court nevertheless notes

The court first considers the issue of privity.  The plain language of § 337.18(1)(c) provides, in relevant part, that a "claimant . . . who is *not* in privity with the contractor shall . . . furnish the contractor with a notice that he or she intends to look to the bond for protection." § 337.18(1)(c), Fla. Stat. (emphasis added). The court finds Ardaman's allegation that it entered into an oral agreement with TSFC is sufficient to show Ardaman was in privity with TSFC as to the work Ardaman performed under the parties' oral agreement.  Thus, because the statute only requires claimants who are not in privity with the contractor to furnish notice, Ardaman need not allege in its complaint that it provided timely notice to TSFC with respect to that work.  Ardaman also suggests that because it came into privity with TSFC during the course of the project it should be similarly  excused from filing notice as to any other work it performed, specifically the subcontract work it did for PB.  Ardaman submits that although there is no relevant case law discussing this issue, § 713.05 of Florida's Construction Lien Law may properly be "superimposed" on § 337.18. According to Ardaman, pursuant to § 713.05 a lienor who is not in privity with the owner at the time work commences but thereafter comes into privity with the owner need not provide notice as required by 713.06. *See* § 713.05, Fla. Stat. Applying the same proposition to § 337.18, Ardaman argues, it should be found to have been in privity with TSFC for all of the work it performed on the project, including the work it completed for the subcontractor PB.

The court finds the language of the applicable bond statute to be quite plain and unambiguous regarding who must file notice and thus it sees no need to resort to the lien statute as an interpretive aid.  Section 337.18(1)(c) clearly requires all claimants, other than laborers, who are not in privity with the prime contractor to file notice.  Ardaman is not a laborer.  And it was not in privity with TSFC for the contract work it performed for PB, as there is no suggestion by the parties that TSFC assumed any obligation to pay for such services.  *See Southern Steel Co. v. Hobbs Const. & Development, Inc.,* 543 So.2d 843

---

that § 337.18(f) expressly states that the provisions of § 255.05 do not apply to bonds issues under § 337.18. The court does not apply the provisions of § 255.05 to the bond in this case, however.  Rather, it considers selected legal authority interpreting § 255.05 which, for the reasons previously stated, provides guidance in the analysis of § 337.18.

(Fla. 3rd DCA 1989) (in § 255.05 case, indicating that to find privity between prime contractor and materials supplier who had contracted with subcontractor required that prime contractor assumed obligation to pay material supplier). Thus, absent any other acceptable basis to excuse it, Ardaman was required to file a timely notice of intent to proceed against the bond for the work it performed on the project under its written contract with PB.  Neither § 337.18(1)(c) nor any other relevant provision of this section to which Ardaman has pointed contains language relieving claimants, other than laborers, who are not in privity with the prime contractor of their obligation to provide notice.  Accordingly, with respect to the work it performed for PB, Ardaman's allegations are not sufficient to show it complied with or is excused from the notice requirements of § 337.18(1)(c).

The court next considers Ardaman's contention that TSFC's failure to record the surety bond excuses it from complying with § 337.18's notice requirements. Both § 337.18 and § 255.05 mandate that bonds issued pursuant to them must be recorded in the public records of the county in which the project is located. *See* § 337.18(1)(b); § 255.05(1)(a). In this case, the design/build contract bond references the notice and time limitation provisions set out in § 337.18(1)(c).  Additionally, as previously noted, TSFC did not record the bond in the public records as required by § 337.18(1)(b), and Ardaman did not file its notice of intent within the ninety-day window prescribed by § 337.18(1)(c).

As the court understands it, Ardaman's argument is that TSFC and the sureties should be estopped from attempting to enforce the notice requirements of § 337.18(1)(c) because the defendants themselves failed to comply with the requirement in § 337.18(1)(b) that the bond be publicly recorded.  The Florida Supreme Court addressed a comparable issue in *American Home Assurance Co. v. Plaza Materials Corp.*, 908 So.2d 360 (Fla. 2005), in which it was presented with the following certified question:

> IF A STATUTORY PAYMENT BOND DOES NOT CONTAIN REFERENCE TO THE NOTICE AND TIME LIMITATION PROVISIONS OF SECTION 255.05(6), ARE THOSE NOTICE AND TIME LIMITATIONS NEVERTHELESS ENFORCEABLE BY THE SURETY, OR IS THE CLAIMANT ENTITLED TO RELY UPON THE NOTICE AND TIME LIMITATIONS APPLICABLE UNDER THE COMMON LAW?

*Id.* at 361-62.

The Florida Supreme Court held, in relevant part, that the surety could enforce the notice and time limitation provisions identified in § 255.05(2)—even if the surety's payment bond failed to reference those provisions as required by § 255.05(6)—provided the bond's failure to contain the statutorily required information in fact caused the claimant's noncompliance with the notice and time restrictions. *Id.* at 369.  In its analysis, the court cited with approval the Fifth District Court of Appeal's decision in *Florida Crushed Stone Co. v. American Home Assurance Co.*, 815 So.2d 715 (5th DCA 2002), observing that the lower court's approach was effective in giving meaning to two apparently conflicting provisions of § 255.05. *Plaza* Materials, 908 So.2d at 367.  In *Florida Crushed Stone* the court held that the defendant surety was entitled to enforce § 255.05(2)'s notice and time restrictions against the plaintiff even though the bond issued by the defendant did not, as required by § 255.05(6), reference the restrictions. *Florida Crushed Stone*, 815 So.2d at 717.  In reaching this conclusion the court reasoned that the defendant's non-compliance with § 255.05(6) must in fact have caused the plaintiff's failure to comply with the notice and time requirements of § 255.05(2) before the defendant should be precluded from enforcing those requirements. *Id*.

In *Plaza Materials* the Florida Supreme Court also criticized *Martin Paving v. United Pacific Insurance Co.*, 646 So.2d 268 (5th DCA 1994), another Fifth District decision and one on which Ardaman relies heavily here, for failing to give weight to conflicting provisions in § 255.05.  *Plaza Materials* also noted that "[i]ronically" *Florida Crushed Stone* reached a different result than *Martin Paving* had on essentially the same facts. *Plaza Materials*, 908 So.2d at 367. In *Martin Paving* the court concluded that because § 255.05's requirement of recording the bond had not been complied with, the subcontractor should not be required to follow the statute's notice requirements. *Plaza Materials* did not, however, mention the discussion in *Florida Crushed Stone* in which the three-member panel explained its understanding of the holding in *Martin Paving.*  In *Florida Crushed Stone* the Fifth District Court of Appeal observed that the holding in *Martin Paving*

> does not mean . . . that in all cases in which the bond fails to provide all statutorily required information that the [notice and time] provisions [ ] automatically become inapplicable. This statement was made in recognition

of the fact that in *Martin Paving* the failure to record the bond *prevented the claimant from knowing about the bond in order to permit timely compliance.* In other words, it would be unfair to insist on the timely performance by the claimant when such non-performance was caused by the failure of the bond to be recorded. This interpretation gives proper weight to all provisions of the statute and seems far more consistent with the intent of the legislature to require both disclosure in the bond and timely performance by the claimant.

*Florida Crushed Stone*, 815 So.2d at 717 (emphasis added).

Ardaman relies on *Martin Paving*'s unelaborated statement that a subcontractor should not be required to follow the notice requirements of § 255.05 if the contractor fails to record the bond.  As further explained in *Florida Crushed Stone* and held in both *Florida Crushed Stone* and *Plaza Materials*, however, more is required before a surety may be estopped from demanding that a claimant comply with the notice and time restrictions set out in § 255.05.  The claimant must also show that the surety's failure to comply with the statutory requirements in fact caused the claimant's noncompliance. *Plaza* Materials, 908 So.2d at 369; *Florida Crushed Stone*, 815 So.2d at 717.

In the instant case this court relies on *Plaza Materials*' clearly stated interpretation of § 255.05 and applies it to the analogous question at issue here involving the time and notice requirements of § 337.18.  So doing, the court concludes that Ardaman's allegation that TSFC failed to record the surety bond in compliance with § 337.18(1)(b) by itself is insufficient to withstand a motion to dismiss as the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct.  at 1964-65. Rather, in order to state a claim for relief Ardaman must also—but has failed to—allege that its own failure to file a timely notice of intent as required by  § 337.18(c) was caused by TSFC's failure to record the bond.

For the foregoing reasons, the motion to dismiss Counts  I, III, V, VII, and IX of the complaint is granted.[7]  Dismissal is without prejudice to Ardaman's filing an amended

---

[7]  The court need only discuss briefly TSFC's and the sureties' additional argument that the bond claims rely on damages resulting from alleged work delays and therefore are barred as a matter of Florida law.

The defendants argue that a claimant may not recover delay damages against a surety unless the bond specifically provides coverage for delay damages and that the bond at issue here does not provide such

complaint that, insofar as it is possible, corrects the deficiencies identified above.[8]

Counts II, IV, VI, VIII, and X: Common Law Bond Claims Against the Sureties and TSFC

In Counts II, IV, VI, VIII, and X Ardaman seeks to recover under the theory that the surety bond executed by Travelers, Fidelity, Federal, Liberty, ICSP, and TSFC is a common law bond, not a statutory bond, because it was not filed in the public records, as § 337.18(1)(b) requires. The defendants move for dismissal on the ground the bond's classification is determined by the terms of § 337.18(1)(f), Fla. Stat., and is unaffected by the failure to record the bond. In response, Ardaman acknowledges that § 337.18(1)(f) states that bonds issued under § 337.18 are statutory bonds but argues that the defendants ignore the further statement in subsection (1)(f) that the provisions of § 255.05 are not applicable to § 337.18. Ardaman also points out that § 255.05 includes an express instruction that bonds issued pursuant to it shall not be converted to common law bonds but that § 337.18 contains no similar instruction. According to Ardaman, a payment bond that has not been recorded may properly be treated as a common law bond, citing in support *Apac-Florida, Inc. v. OneBeacon Insurance Co., Inc.*, 888 So.2d 126 (Fla. 3d DCA 2004).

The court concludes that the issue of whether the bond in this case should be treated as a statutory bond or a common law bond may be settled by looking to the bond

---

coverage. While the defendants' statement of the law appears correct, *see D.I.C. Commercial Construction Corp. v. Knight Erection & Fabrication, Inc.*, 547 So. 2d 977 (Fla. 4th DCA 1989), and *American Home Assurance Co. v. Larkin Gen. Hosp., Ltd.*, 593 So. 2d 195, 198 (Fla. 1992), in the court's view the defendants have misconstrued Ardaman's claims as seeking delay damages.

Ardaman alleges delays in pile installation that are attributable to the defendants. The gist of Ardaman's complaint, as the court reads it, is that Ardaman was damaged by having to make additional outlays of time, effort, and money in order to perform its contractual obligations, not that it was damaged by the inconvenience, loss of opportunity to perform other work, etc., that any delays may have occasioned.

[8] Ardaman seeks leave to file an amended complaint in the event either motion to dismiss is granted. The Federal Rules of Civil Procedure allow a party to amend its pleadings "once as a matter of course . . . before being served with a responsive pleading . . . ." Fed.R.Civ.P. 15(a)(1)(A). With the exception of PB's answer to Count XII, no answer or other responsive pleading has yet been filed in this case, and Ardaman has not previously amended. Absent undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), a plaintiff is entitled to amend once as a matter of course. As none of these impediments exist as to Counts I, III, V, VII, and IX, Ardaman should be permitted to amend these claims.

itself, which explicitly references § 337.18, and to the plain language of § 337.18(1)(f), Fla. Stat., which expressly provides—without creating any exceptions—that "the bonds provided for in this section are statutory bonds . . . ." § 337.18(1)(f), Fla. Stat.  In the court's view, contrary to Ardaman's contention, § 337.18(1)(f)'s additional statement that the provisions of § 255.05 do not apply to § 337.18 adds nothing to this analysis and does not alter the conclusion that the bond in this case is a statutory bond.  Furthermore, the holding of *Apac-Florida* appears, at the very least, to have been severely undermined by *Plaza Materials*.  In *Apac-Florida*, which was decided one year before *Plaza Materials*, the court found that because the surety had failed to comply with the statute's recording requirement—a requirement the court found should be strictly construed—the claimants could take advantage of the longer claims period available under common law without having to show they were misled by the statutory violation; the court noted that the effect of its ruling was to permit the bond to be treated as a common law bond.  *Apac-Florida*, 888 So.2d at 127. In reaching its conclusions the court noted that "[r]espectable arguments can be made on both sides of the question now before us," and it cited as examples the Second District Court of Appeal's decision in *American Home Assurance Co. v. Plaza Materials Corp.*, 826 So.2d 358 (Fla. 2d DCA 2002), which was then on appeal to the Florida Supreme Court, and the Fifth District's decision in *Florida Crushed Stone*.  The *Apac-Florida* court cited with approval the Second District's view that "the better rule is to permit the longer claims period without requiring claimants to prove that they were misled by the statutory violation."  *Apac-Florida*, 888 So.2d at 127 (citing *American Home Assurance Co.*, 826 So.2d at 361).  The principle that claimants should not be required to show they were misled by the statutory violation which *Apac-Florida* approved, however, is the very same one rejected by the Florida Supreme Court in *Plaza Materials*.  Thus it is difficult to see how the *Apac-Florida* court's ruling approving this principle, as well as its conclusion that the effect of its ruling was to treat the § 255.05 bond at issue as a common law bond, retains vitality.

In any event, based on the Florida Supreme Court's reasoning in *Plaza Materials*, this court is persuaded that the § 337.18 bond in this case is not converted into a common

law bond simply because the defendants failed to record it.  In *Plaza Materials*, the court explicitly rejected as "impermissible" the "possible result" of treating the § 255.05 bond as a common law bond because it "entirely negate[d]" subsection (4), which provides that all bonds under § 255.05 "shall be construed and deemed statutory bonds furnished pursuant to this section and such bonds shall not under any circumstances be converted into common law bonds." *Plaza* Materials, 908 So.2d at 367; § 255.05(4).[9]  Here, § 337.18(1)(f) explicitly provides that the "bonds provided for in the section are statutory bonds." § 337.18(1)(f), Fla. Stat.  While the language of § 337.18(1)(f) is notably less specific and emphatic than the language of § 255.05(4), the court perceives no significant difference in the import of the meaning of the two provisions:  the bonds under each statute are to be treated as statutory bonds.  This court should reach a conclusion consistent with the Florida Supreme Court's holding in *Plaza Materials,* which gives equal weight to competing provisions in § 255.05.  Accordingly, this court finds that the failure to record the bond at issue in this case in compliance with § 337.18(1)(b) does not render the bond a common law bond because such a finding would "write [the first sentence of § 337.18(1)(f)] out of existence."  *Plaza Materials*, 908 So. 2d at 367.  The surety bond executed by Travelers, Fidelity, Federal, Liberty, ICSP, and TSFC in this case therefore must be considered a statutory bond only.

For these reasons, the court concludes that Ardaman's common law bond claims fail "to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct.  at 1964-65. The motion to dismiss Counts  II, IV, VI, VIII, and X of the complaint therefore is granted. As amendment would be futile, dismissal is with prejudice.  *Foman*, 371 U.S. at 182.

## Count XI: Breach of Contract Claim Against PB

Ardaman alleges in Count XI that PB  breached the terms of their written agreement by failing to pay Ardaman for services rendered.  PB moves for dismissal of this count on

---

[9]    This court recognizes that the *Plaza Materials* court expressly declined to address whether application of § 337.18 would impact the case before it.  The court also notes the comment in *Plaza Materials* that § 337.18 presented an "additional conflict in connection with public projects [that] appears to need legislative attention along with the conflict we address today." *Plaza Materials*, 908 So.2d at 363, n.1.

the grounds Ardaman failed to plead the essential elements of a breach of contract claim and also failed to plead that all conditions precedent in the agreement have been satisfied.[10] Alternatively, PB moves for a more definite statement on the ground the allegations of the complaint are insufficient to allow it to frame a response.  Ardaman responds that the allegations of Count XI adequately recite the required elements of a breach of contract claim under notice pleading; that it is not required to plead the occurrence of conditions precedent with specificity under the federal rules; and that a more definite statement is not needed.

The elements of an action for breach of contract under Florida law are: (1) the existence of a contract; (2) a breach of the contract; and (3) damages resulting from the breach.  Beck v. Lazard Freres & Co., LLC, 175 F.3d 913 (11th 1999) (citation omitted); Rollins, Inc. v. Butland, 951 So.2d 860, 876 (Fla. 2d DCA 2006) (citation omitted). In this case, the court agrees with Ardaman that the allegations of its complaint are sufficient to withstand a motion to dismiss.  Paragraph 15 of the complaint, which is incorporated into Count XI  by Paragraph 117, alleges that Ardaman and PB entered into the agreement attached to the complaint.  These allegations are sufficient to satisfy the first element of a breach of contract claim.  The second element, requiring an allegation of breach, is also satisfied.  Ardaman outlines in Paragraphs 17-19  (and incorporates those allegations by reference into Count XI by Paragraph 117)  the delays and problems that led to the alleged material breach of failing to pay Ardaman for its services, which is asserted in Paragraph 119. Although, as PB contends, Ardaman does not identify the specific section(s) of the agreement it asserts PB breached, notice pleading under Rule 8(a) does not require such specificity. *See In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) ("For better or for worse, the Federal Rules of Civil Procedure do not permit district courts to impose upon plaintiffs the burden to plead with the greatest specificity they can.").  Rather,

---

[10]   The conditions precedent to which PB refers are found in the agreement at Articles Eleventh and Twelfth (setting forth procedures to be followed by Ardaman to assert claims for additional compensation); Article Sixth (requiring receipt of payment by PB from TSFC before PB is obliged to pay Ardaman); and Article Seventh (stating that Ardaman's entitlement to fees for additional services is limited to fees PB receives from TSFC for those services).  Doc. 1, Exh. A.

"the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A.*, 711 F.2d 989, 995 (11th Cir. 1983).  Finally, in Paragraph 120 Ardaman alleges that it suffered damages as a result of the breach, which satisfies the third element of a breach of contract claim.  In short, the court concludes that Count XI is sufficiently pleaded because it puts the defendants on fair notice of Ardaman's claim by identifying the contract between the parties, the facts involved in the alleged breach of that contract, and the damages allegedly sustained by Ardaman.[11]

Nor will the court dismiss Count XI based on Ardaman's failure to plead specifically that it satisfied four conditions precedent contained in the agreement, which PB asserts raise issues of Florida law the court should now address.  Federal Rule of Civil Procedure 9(c), Conditions Precedent, provides that

> In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.  But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

Fed.R.Civ.P. 9(c).

As Rule 9(c) makes clear, conditions precedent need only be alleged generally. Fed.R.Civ.P. 9(c).  If the defendant disagrees with the plaintiff's general allegations, it may deny "with particularity" in a responsive pleading that the preconditions have been fulfilled. *See Jackson v. Seaboard Cost Line R.R.*, 678 F.2d 992, 1010 (11th Cir. 1982).[12]  The plaintiff then bears the burden of "*proving* that the conditions, which the defendant has specifically joined in issue, have been satisfied."  *Id.* at 1010 (emphasis added).  In this

---

[11]    The court notes that the discovery process will afford the defendants the opportunity to explore further the factual basis of Ardaman's claims and to narrow issues concerning the contract's specific terms.

[12]    Florida law is similar.  Florida Rule of Civil Procedure 1.120(c) provides that "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."  Additionally, a plaintiff's giving adequate notice under Rule 1.120(c) shifts to the defendant "the burden of denying the allegations of compliance with specificity." *Florida Medical Center. v. Dep't of Health & Rehab. Services*, 511 So.2d 677, 678-79 (Fla. 1st DCA 1987) (citation omitted).

case, Ardaman has generally alleged satisfaction of all conditions precedent by stating, as to each count, that "[a]ll conditions precedent to maintaining this cause of action have either been satisfied, or have been waived . . . ."  This allegation, as a matter of pleading under Rule 9(c), is sufficient.  Although PB has responded in its motion (which, the court notes, is not a responsive pleading) that Ardaman has failed to satisfy all conditions precedent and that such conditions involve issues of law the court may now resolve, the court concludes that PB's arguments are premature because they implicate issues of proof rather than pleading.  For example, Ardaman replies that it disputes the validity and enforceability of the "pay when paid" conditions set out in Articles Sixth and Seventh.  This dispute, and presumably others involving the conditions precedent in the instant case, involves issues of fact that are properly addressed at summary judgment, when Ardaman must come forward with proof that the condition was satisfied or excused. *See id.*

For the reasons stated above, the court concludes that as drafted Ardaman's allegations of breach of the agreement with PB contains "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 127 S.Ct. at 1964-65.  Accordingly, the court denies PB's motion to dismiss Count XI and its alternative motion for a more definite statement.

The court addresses one final matter raised by PB, which is its alternative motion to strike Ardaman's request for attorney's fees pursuant to Fed.R.Civ.P 12(f) on the ground Ardaman's complaint fails to identify the provision in the parties' agreement that entitles the plaintiff to fees.  Ardaman responds that it has adequately alleged its entitlement to attorneys' fees.  According to Ardaman, the complaint references the agreement between PB and Ardaman and that agreement incorporates by reference the Design Subcontract between PB and TSFC, which contains a clause that entitles the prevailing party to recover attorneys' fees.  Ardaman acknowledges that the PB/TSFC contract is not attached to the complaint.

Florida law allows the recovery of attorneys' fees as damages or costs to the prevailing party when provided for by statute or contract. *See Italiano v. Jones Chemicals, Inc.*, 908 F.Supp. 904, 907 (M.D.Fla.1995); *Mediplex Const. of Florida, Inc. v. Schaub*, 856

So.2d 13, 15 (Fla. 4th DCA 2003) (citation omitted). Notwithstanding Ardaman's contentions regarding the incorporation of the PB/TSFC contract into Ardaman's agreement with PB, nothing in the latter contract—which is the only contract now before the court—specifically references attorneys' fees. Nevertheless, the court concludes that under Rule 8's liberal notice pleading standard the allegations of Ardaman's complaint are sufficient to withstand a motion to strike, if barely. Ardaman has provided enough factual information to give PB fair notice of its claim that, if Ardaman is the prevailing party, it is entitled to attorneys' fees as provided under the terms of the agreement between the parties. Accordingly, Ardaman should be given the opportunity to support its claim. *Twombly*, 127 S.Ct. at 1969; *Swierkiewicz*, 534 U.S. at 511. The motion to strike is therefore denied.

<u>Counts XIII and XIV:  Breach of Contract and Unjust Enrichment Claims Against TSFC</u>

In Count XIII Ardaman brings a breach of contract claim against TSFC, which moves for a more definite statement of this claim because, it asserts, Ardaman's allegations are so vague and ambiguous it cannot reasonably prepare a response. Ardaman responds that the allegations satisfy the pleading requirements and that a more definite statement is unnecessary.

To state a claim for breach of an oral contract, a plaintiff must allege the mutual formation of an oral contract, the obligation thereby assumed, and breach. *See Perry v. Cosgrove*, 464 So.2d 664, 667 (Fla. 2d DCA 1985), citing *Industrial Medicine Pub. Co. v. Colonial Press of Miami, Inc.*, 181 So.2d 19, 20 (Fla. 3d DCA 1966). The allegations in Count XIII of Ardaman's complaint are adequate to satisfy these requirements. Paragraph 20, which is incorporated into Count XIII by Paragraph 132, alleges that Ardaman and TSFC entered into an oral agreement; Paragraph 20 also alleges that pursuant to the oral agreement Ardaman agreed to perform professional engineering services that included pile driving analyzer tests; and Paragraph 134 alleges that TSFC breached the oral agreement by failing to pay Ardaman for professional engineering services rendered pursuant to the agreement. These allegations, while sparse, are not so vague or ambiguous that TSFC

cannot reasonably be required to frame a responsive pleading.  Fed.R.Civ.P. 12(e).
Additionally, as Ardaman suggests, if TSFC desires further information to clarify and
narrow the issues, it should be able to obtain such information in discovery.

TSFC also moves for a more definite statement of Ardaman's unjust enrichment
claim in Count XIV, which Ardaman opposes.  There are three elements of a claim for
unjust enrichment: "(1) a benefit conferred upon a defendant by the plaintiff, (2) the
defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention
of the benefit under circumstances that make it inequitable for him to retain it without
paying the value thereof."  *Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (2nd DCA 2006
(citing *Swindell v. Crowson*, 712 So.2d 1162, 1163 (Fla. 2d DCA 1998)).  Ardaman alleges
in Paragraphs 139-44 of the complaint that it conferred a benefit on TSFC, at TSFC's
request and with its knowledge, in the form of professional engineering services rendered
on the bridge construction project; that TSFC accepted the benefit but has failed to pay
Ardaman; and that it would be inequitable to permit TSFC to retain the benefit and value
of Ardaman's services without paying for them.  The court finds these allegations sufficient
to apprise TSFC of Ardaman's unjust enrichment claim against it and thus that a more
definite statement is not required.  Fed.R.Civ.P. 12(e).

**Conclusion**

For the foregoing reasons, the court DENIES PB's motion in its entirety.  The court
GRANTS TSFC's motion to dismiss, to the extent Counts II, IV, VI, VIII, and X of the
complaint are dismissed with prejudice, and Counts I, III, V, VII, and IX are dismissed
without prejudice to Ardaman's filing an amended complaint within fourteen (14) days of
the date of this order.  As provided in Rule 15(a)(3), defendants shall respond within ten
(10) days after service of the amended complaint.  The court DENIES TSFC's motion
insofar as it requests a more definite statement of Counts XIII and XIV. TSFC and the
sureties' request for attorneys' fees pursuant to Section 338.18(1)(d) as the prevailing
parties is denied, given the dismissal without prejudice of Counts I, III, V, VII, and IX.  The
parties shall bear their own fees and costs.

Accordingly, it is ORDERED:

1.      Defendant PB Americas, Inc.'s "Motion to Dismiss Count XI and Alternative Motion for a More Definite Statement . . . [and] Alternative Motion to Strike Claim for Attorneys' Fees . . . (doc. 16) is DENIED.

2.      Defendants Travelers, Fidelity, Federal, Liberty, ICSP, and TSFC's motion to dismiss Counts I through X of the complaint and for more definite statement (doc. 8) is GRANTED in part and DENIED in part:

a.      The motion is GRANTED to the extent  Counts II, IV, VI, VIII, and X of the complaint are dismissed with prejudice, and Counts I, III, V, VII, and IX are dismissed without prejudice to Ardaman's filing an amended complaint within fourteen (14) days of the date of this order.

b.      The motion is DENIED to the extent TSFC seeks a more definite statement as to Counts XIII and XIV.

3.      The parties shall bear their own fees and costs.

4.      The stay imposed by order dated July 23, 2008, is LIFTED.  The clerk shall refer this matter to the undersigned for entry of an initial scheduling order.

DONE and ORDERED this 22nd day of January, 2009.


                              s/ *M. Casey Rodgers*
                         **M. CASEY RODGERS**
                  **UNITED STATES DISTRICT JUDGE**